[Cite as *Ulery v. Ulery*, 2011-Ohio-5211.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

| | | |
|---|---|---|
| LISA B. ULERY | : | |
| | : | Appellate Case No. 2009-CA-12 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 08-DR-0437 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| JEFFREY S. ULERY | : | Court, Domestic Relations) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 7th day of October, 2011.

. . . . . . . . .

VALERIE JUERGENS WILT, Atty. Reg. #040413, 333 North Limestone Street, Suite 104, Springfield, Ohio 45503
        Attorneys for Plaintiff-Appellee

P. J. CONBOY, II, Atty. Reg. #0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
        Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1}   Jeffrey S. Ulery appeals from the trial court's judgment entry adopting a magistrate's decision that granted the parties a divorce, divided their property, and imposed support obligations on him.

{¶ 2}   Ulery advances four assignments of error on appeal. First, he contends the trial

court erred in ordering him to pay child support. Second, he claims the trial court erred in requiring him to pay spousal support. Third, he asserts that the trial court erred in its property division. Fourth, he argues that the trial court erred in not allowing him to file objections to the magistrate's decision out of time.

{¶ 3} Upon review, we turn directly to Ulery's fourth assignment of error, the resolution of which impacts our analysis of his other arguments. The record reflects that the magistrate filed his decision on January 12, 2009. The trial court adopted the decision the following day and entered judgment in accordance with Civ.R. 53(D). Ulery failed to file any objections, which under Civ.R. 53(D) would have stayed the judgment pending their resolution. Rather than filing objections, Ulery filed a February 2, 2009 pro se notice of appeal from the trial court's adoption of the magistrate's decision and entry of final judgment.[1] Sometime thereafter, Ulery contends he moved for an extension of time to file objections to the magistrate's decision. According to Ulery, the trial court denied this motion on April 15, 2009. Because Ulery filed his notice of appeal *before* seeking an extension of time to file objections, neither his motion nor the trial court's ruling thereon are part of the appellate record.

{¶ 4} Although Ulery suggests that he became aware of the magistrate's decision after the time to object had expired, the record demonstrates otherwise. As set forth above, the magistrate filed his decision on January 12, 2009. Thereafter, on January 20, 2009, the

---

[1]The notice of appeal actually references the magistrate's subsequent denial of a motion for a continuance. In a March 17, 2009 decision and entry, this court allowed Ulery to amend his notice of appeal to address the trial court's judgment entry granting the parties a divorce.

magistrate denied a motion for a continuance that Ulery had filed. The magistrate's denial order stated: "Assuming the motion applies to the divorce hearing[,] the final divorce hearing was held January 6, 2009. *A Decree of Divorce was filed January 13, 2009.* [sic]. Therefore, the Motion for a Continuance is not timely." (Doc. #36) (Emphasis added). Ulery learned of the magistrate's denial of a continuance that same day. Indeed, the record contains a notice of appeal from the magistrate's denial of a continuance signed by Ulery and dated January 20, 2009.[2] (Doc. #37). Accompanying the notice of appeal is a photocopy of the magistrate's denial order. Therefore, no later than January 20, 2009, Ulery knew of the divorce decree and could have filed timely objections.

{¶ 5} Even if we accept Ulery's claim about seeking leave to file untimely objections, his notice of appeal from the trial court's final judgment and divorce decree divested it of jurisdiction to grant an extension of time. Permitting Ulery to file objections in the trial court to a judgment that already had been appealed would be inconsistent with this court's jurisdiction to reverse, modify, or affirm the judgment. "It is implicit in Civ. R. 53 that the objections to the Magistrate's Decision be filed before the notice of appeal. The objection process gives the trial court the opportunity to review the Magistrate's Decision, in light of a party's objections. As a result, the trial court may decide to adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the Magistrate with instructions, or hear the matter. Civ. R. 53(E)(4)(b). Once a notice of appeal is filed, the trial court has limited jurisdiction over the case." *Arthur v. Trimmer*, Delaware App. No. 02CA06029, 2003-Ohio-2034, ¶12. "The review and determination of objections to a

---

[2] Although this notice of appeal was not filed until February 2, 2009, Ulery signed and dated it January 20, 2009.

Magistrate's Decision is inconsistent with an appeal because objections are directed at the substance of the judgment appealed and the issues raised on appeal. * * * Therefore, once a notice of appeal is filed, a trial court lacks jurisdiction to consider objections to a Magistrate's Decision." Id. at ¶13. Because the trial court would have lacked jurisdiction to consider any objections filed while an appeal was pending, Ulery's fourth assignment of error is overruled.

{¶ 6} The absence of objections impacts our analysis of Ulery's other assignments of error, which challenge the trial court's imposition of support obligations and its division of property. "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." Civ.R. 53(D)(3)(b)(iv).

{¶ 7} In his first two assignments of error, Ulery contends the trial court abused its discretion in imposing child and spousal support obligations on him based on a determination that he was voluntarily unemployed. The record reflects that Ulery's employer fired him following his indictment on felony charges. At the time of the divorce hearing, Ulery had been convicted and was serving a four-year prison sentence. In light of these facts, we see no plain error in the trial court's determination that Ulery was voluntarily unemployed. Incarceration is a foreseeable result of criminal conduct and, thus, is considered a voluntary act that does not warrant relief from a support obligation. *L.B. v. T.B.*, Montgomery App. No. 24441, 2011-Ohio-3418, ¶12. The first and second assignments of error are overruled.

{¶ 8} In his third assignment of error, Ulery challenges the trial court's property division. In a one-page argument, he contends his incarceration precluded him from receiving "his fair share of the parties' personal property." He also asserts, in conclusory fashion, that

the trial court abused its discretion in awarding the appellee two life insurance policies and other assets. Ulery has failed to establish plain error in the trial court's property division. Accordingly, the third assignment of error is overruled.

{¶ 9}   The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.


Copies mailed to:

Valerie Juergens Wilt
P.J. Conboy, II
Hon. Thomas J. Capper